Argued and submitted May 14, remanded for resentencing; otherwise affirmed July 2, petition for review allowed October 3, 2008 (345 Or 315)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATAWUT VIRANOND,
*Defendant-Appellant.*

Washington County Circuit Court
C040694CR; A127918

188 P3d 404

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer & French LLP. Natawut Viranond filed the supplemental brief *pro se*.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial of two counts each of first-degree robbery and first-degree burglary, and one count each of second-degree robbery and unlawful use of a weapon. On appeal, defendant advances 15 assignments of error, one of which relates to the trial court's imposition of a consecutive sentence on the first-degree burglary conviction based on the court's own factual findings. The state concedes that the court erred in doing so. As explained below, we agree and accept the state's concession as to that assignment of error, but we reject defendant's other assignments without discussion. Accordingly, we remand for resentencing, but otherwise affirm.

At sentencing, the court ordered that the sentence on one of the first-degree burglary convictions be served consecutively to the sentences imposed on the robbery convictions, over defendant's objection that the imposition of a consecutive sentence requires factfinding by a jury.

On appeal, defendant argues that the court erred in imposing a consecutive sentence on the basis of judicial factfinding. After defendant submitted his brief, the Oregon Supreme Court decided *State v. Ice*, 343 Or 248, 267, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), in which it held that, to comply with the Sixth Amendment to the United States Constitution as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), a trial court cannot impose a consecutive sentence without jury factfinding. In this case, the trial court made its own findings and imposed a consecutive sentence on the basis of those findings. Although the state insists that *Ice* was wrongly decided, it agrees that *Ice* currently controls the consecutive sentence issue in this case. The state concedes that, under *Ice*, defendant's contention regarding his consecutive sentence is correct. We agree with the parties that the trial court erred.

Remanded for resentencing; otherwise affirmed.